J-S64020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRADLEY AARON AVERY, | |
| Appellant | No. 76 MDA 2017 |

Appeal from the Judgment of Sentence December 2, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000864-2016, CP-40-CR-0001507-2016, CP-40-CR-0004056-2015

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 20, 2017**

Appellant, Bradley Aaron Avery, appeals from the judgment of sentence entered on December 2, 2016, in the Luzerne County Court of Common Pleas.  Appellant's counsel has filed an application to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*]  Former Justice specially assigned to the Superior Court.

The criminal activities underlying the instant appeal occurred between August of 2015 and February of 2016. The crimes charged at Luzerne County Docket Number 4056 of 2015 stemmed from Appellant's participation in a theft and physical altercation at Custom Computers Store. Affidavit of Probable Cause, 10/23/15. The charges at Luzerne County Docket Number 864 of 2016 involved Appellant's theft from Maines Food Store of frozen lobster tails, valued at more than $300.00. Affidavit of Probable Cause, 1/21/16. Finally, the crimes charged at Luzerne County Docket Number 1507 of 2016 concerned Appellant's participation in the home-invasion robbery of an occupied house. In the home invasion, Appellant and a cohort robbed the occupants at gunpoint, threatened to shoot them, and bound their wrists and ankles prior to fleeing with firearms they stole from the residence. Affidavit of Probable Cause, 2/17/16.

The trial court set forth the procedural history of this case as follows:

On September 9, 2016 [Appellant] pled guilty on number 1507 of 2016 to Count 1, Burglary, graded as a felony of the first degree (F1); Count 2, Robbery, graded as a felony of the first degree (F1); Count 3, Robbery, graded as a felony of the first degree (F1); and Count 4, Conspiracy Burglary, graded as a felony of the first degree (F1). Thereafter, on September 12, 2016, [Appellant] pled guilty on number 4056 of 201[5] to Count 1, Robbery, graded as a felony of the third degree (F3) and to Count 1, Retail Theft, graded as a misdemeanor of the first degree (M1) on Criminal Information No. 864 of 2016. On December 2, 2016, [Appellant] was sentenced as follows:

On **Criminal Information 1507 of 2016, Count 2**, Robbery, graded as a felony of the first degree (F1); offense gravity score ten (10) and prior record score zero (0), a standard range of twenty-two (22) to

thirty-six (36) months. [Appellant] was sentenced to a period of incarceration of not less than twenty-four (24) months nor more than forty-eight (48) months, plus, one (1) year probation.

On **Criminal Information No. 1507 of 2016, Count 3**, Robbery, graded as a felony of the first degree (F1); offense gravity score of ten (10) and prior record score zero (0); standard range of twenty-two (22) to thirty-six (36) months. [Appellant] was sentenced to a period of incarceration of not less than twenty-four (24) months, nor more than forty-eight (48) months, followed by one[-]year probation, consecutive to 1507 of 2016, Count 2.

On **Criminal Information No. 1507 of 2016, Count 1**, Burglary, graded as a felony of the first degree (F1); offense gravity score nine (9) and prior record score of zero (0), standard range of twelve (12) to twenty-four (24) months. [Appellant] was sentenced to a period of incarceration of not less than twelve (12) months, nor more than twenty-four (24) months consecutive to 1507 of 2016, Count 3.

On **Criminal Information No. 1507 of 2016, Count 4**, Criminal Conspiracy [to] commit Burglary, graded as a felony of the first degree (F1); offense gravity score eight (8); prior record score of zero (0); standard range of nine (9) to sixteen (16) months. [Appellant] was sentenced to a period of incarceration of not less than twelve (12) months, nor more than twenty-four (24) months concurrent to 1507 of 2017, Count 3.

On **Criminal Information No. 4056 of 201[5], Count 1**, Criminal Conspiracy to commit Burglary, graded as a felony of the third degree (F3); offense gravity score of five (5); prior record score of zero (0); standard range of [restorative sanctions "RS")] to nine (9) months. [Appellant] was sentenced to a period of incarceration of not less than six (6) months, nor more than twelve (12) months, followed

by one (1) year probation, consecutive to 1507 of 2017.

On **Criminal Information No. 864 of 2016**, Criminal Conspiracy to Commit Retail Theft, graded as a misdemeanor of the first degree (M1); offense gravity score of two (2); prior record score of zero (0); standard range is RS. [Appellant] was sentenced to a period of probation for one (1) year consecutive to 4056 of 2017.

Trial Court Opinion, 6/20/17, at 1-3. These sentences resulted in an aggregate sentence of five and one-half to eleven years of incarceration followed by four years of probation.

Appellant filed a timely post-sentence motion that was denied on December 12, 2016, and filed a timely notice of appeal on January 3, 2017. Both Appellant and the trial court have complied with Pa.R.A.P. 1925(b).[1]

As noted, counsel has filed a petition to withdraw representation. Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d

_____

[1] The record reflects that on January 23, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days. However, counsel for Appellant later alleged that he was not aware of this order until May 31, 2017. Pa.R.A.P. 1925(b) Statement, 6/1/17, at ¶¶ 5-6. Counsel filed a Rule 1925(b) statement on June 1, 2017, which the trial court accepted and addressed in a Pa.R.A.P. 1925(a) opinion. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) ("If there has been an untimely filing [of a Pa.R.A.P. 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to [Appellant]; and 3) advise [Appellant] that he or she has the right to retain private counsel or raise additional arguments that [Appellant] deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

- 5 -

on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is substantially compliant with *Santiago*.[2] The brief sets forth the procedural history and facts of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review: "Whether the trial court abused its discretion in sentencing Appellant[?]" *Anders* Brief at 1. Appellant's sole issue challenges the discretionary aspects of his sentence. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

_____

[2] We note that the *Anders* brief does not contain specific citations to the record. However, we conclude that in this instance, the deficiency does not pose an impediment to our review, and we shall proceed with our discussion.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Id*.

Herein, the first three requirements of the four-part test are met: Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant asserts that the sentencing court abused its discretion by sentencing him at the "high-end" of the standard range of the sentencing guidelines and by running some of the sentences consecutively. **Anders** Brief at 6. However, as previously stated, we do not accept bald assertions of sentencing errors. **Malovich**, 903 A.2d at 1252 (citing **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code." **Id**. Thus, to the extent Appellant's claim is a bald allegation that the trial court sentenced him at the high-end of the sentencing guidelines, we conclude that he has not presented a substantial question for our review. Additionally, it is well settled that claims based on the imposition of consecutive, as opposed to concurrent, sentences do not raise a substantial question. **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014). However, we point out that a substantial question may be found where a defendant receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence. **Commonwealth v. Dodge**, 77 A.3d 1263, 1271 (Pa. Super. 2013). Nevertheless, Appellant did not assert that the consecutive nature of the sentences resulted in an unreasonable or manifestly excessive sentence. Accordingly, we conclude that Appellant has failed to raise a substantial question for our review.

Assuming, *arguendo*, that Appellant had presented a substantial question by asserting that the consecutive nature of the sentences resulted in an excessive sentence pursuant to **Dodge**, we would determine that the issue lacks merit. It is well settled that when imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. **Moury**, 992 A.2d at 171. Moreover, when the trial court has the benefit of a pre-sentence investigation report ("PSI"), we can assume the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating statutory factors. **Id.** "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Id.** Additionally, the Sentencing Code affords the trial discretion to impose sentences concurrently or consecutively. 42 Pa.C.S. § 9721(a).

In its opinion, the trial court noted that it had the benefit of a PSI, it stated its consideration of the relevant sentencing factors, and it provided its rationale for the standard-range sentence imposed:

> **THE COURT:** Well, I've had the opportunity to accept the guilty plea in this matter, the guilty plea [w]as knowingly and voluntarily entered. I've reviewed the presentence investigation, and -- and [Appellant] has a zero prior record score. Up until this period in his life, there was -- there was pretty much nothing. And then, there was everything.
>
> I appreciate that [Appellant] wants to apologize to the homeowners, but they are not homeowners, they

- 9 -

were victims. They're sitting in their house, watching TV, when a knock on their door leaves them with individuals with bandanas over their mouth[s], sunglasses, gloves; who come into the home and terrorize them with weapons and tie them up and taunts them. It's just not homeowners. He did not break into somebody's home when they weren't there. They were victims of this horrific crime.

And then there are the victims of the robbery. When [Appellant] and the Co-Defendants go into the -- store, to Custom Computers, and attempt to take items and -- then leave and fight and go. And at the least of it is Maine Source, where some frozen lobster tails are shoved down someone's pants. But these crimes weren't just crimes to property or to empty homes, there were people involved.

(Sentencing Transcript, 12/2/16, p. 10-11).

Here, the Sentencing Court has clearly and expressly complied with the requirements of 42 Pa.C.S. § 9721(b) by imposing a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant]. *Id.* § 9721(b). The record demonstrates a complete review of [Appellant's] past, the crimes committed and the impact on society.

Trial Court Opinion, 6/20/17, at 7.

After review, we conclude that the trial court properly reviewed the PSI, the facts of the case, Appellant's background, the factors to be considered pursuant to 42 Pa.C.S. § 9721(b), and explained its reasons for the sentence imposed. Accordingly, had we reached this issue, we would have concluded that there was no error of law or abuse of discretion in the sentence imposed. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (holding that a sentence was not manifestly excessive

- 10 -

where the trial court considered the PSI, the details of the crime, and explained its reasons for the sentence it imposed).

Lastly, we note that we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having determined that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2017